# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| United States of America, | Case No. 2:09-1241-RMG |
| v. | |
| Fred Albion Stone, Jr., | **ORDER** |
| Defendant. | |

This matter is before the Court on the motion of Defendant for the early termination of his lifetime term of supervised release. (Dkt. No. 46). Defendant pled guilty on December 9, 2009, to one count of Access with Intent to View Child Pornography and was sentenced by the Honorable Sol Blatt to 12 months imprisonment and lifetime supervision.[1] (Dkt. No. 26). Since his release from incarceration on March 21, 2012, Defendant has maintained full compliance with all conditions of supervised release. This includes compliance with all computer monitoring requirements and he has passed all polygraph examinations. (Dkt. No. 52). Defendant successfully completed a four-year sexual-offender treatment program conducted by Alternatives LIC, Inc., and his counselor has recommended no further treatment. (Dkt. No. 46-1).

Defendant recently moved for the early termination of his lifetime term of supervised release because his wife has significant health challenges, and he cannot gain admission to a

---

[1] Defendant's conviction involved receiving and watching child pornography. There is no evidence that Defendnant had any inappropriate contact with children.

residential senior facility allegedly due to the fact that he remains on supervised release. Defendant is now 81 years of age, and his wife is 77. His wife is a breast cancer survivor and recently had open heart surgery. If Defendant and his wife are not able to jointly enter a senior facility, her health may require that she go separately to a facility. (Dkt. No. 46-5 at 3).

Defendant has twice before applied for termination of his term of supervised release. In 2017 and 2020, the Honorable Judge Magaret Seymour denied Defendant's motions for the early termination of supervised release. (Dkt. Nos. 37, 39). Neither of these earlier orders addressed the issue now presenting itself—the possible separation of the Defendant and his wife so that she can obtain necessary senior facility care.

Probation recently filed a response to the current motion of Defendant to terminate his supervised release. The response stated that (1) Defendant has remained in full compliance with all conditions of supervised release since the commencement of his supervised release in 2012; (2) Defendant successfully completed sex-offender treatment at Alternatives; (3) Defendant does not "exhibit any dynamic risk factors that cause concern or need to be addressed;" (4) Defendant has passed all polygraph examinations with no indication of deception; and (5) Defendant's internet devices have been continuously monitored "with no indication of prohibited online activities and/or viewing of explicit materials." (Dkt. No. 52). Despite finding that Defendant has been and remains in full compliance with the conditions of supervised release, Probation opposes the motion because the Guide to Judicial Policy recommends no early termination of supervised release for any defendant convicted of a sex offense. (*Id*.). The United States Attorney's office concurs in Probation's recommendation "based on policy." (*Id*.).

After carefully considering all of the factors set forth in the Guide to Judicial Policy and 18 U.S.C. 3553(a), the Court grants Defendant's motion for the early termination of supervised

release. After 13 years of consistent compliance with the very strict requirements of supervised release for sex offenders and Defendant's recent successful completion of sex-offender treatment with his clinician recommending no further treatment, the Court finds that Defendant has a very low risk of recidivism. Further, the maintenance of lifetime supervision here imposes an undue burden on Defendant because his status on lifetime supervision may force him and his wife of 53 years to live separately in their last phase of life so she can obtain adequate support and care for her declining health. After carefully weighing all of the § 3553(a) factors, the Court finds the interests of justice are served by the early termination of Defendant's term of supervised release.

Based on the foregoing, Defendant's motion for the early termination of supervised release (Dkt. No. 46) is granted, effective immediately.

**AND IT IS SO ORDERED.**

                                              s/ Richard Mark Gergel
                                              Richard Mark Gergel
                                              United States District Judge

October 6, 2025
Charleston, South Carolina